RICHARD MARTIN v. ORIENT INSURANCE COMPANY.

Argued October term, 1926—Decided December 30, 1926.

Insurance—Fire—No Breach of Warrenty in Description—Jury Justified in Finding That on the Lots in Question Were Situated a Dwelling and a Dance Hall—No Misdescription of Property—Verdict Not Against Weight of Evidence.

On rule to show cause, Monmouth Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Charles E. Cook.*

PER CURIAM.

The action was tried before the court and jury in the Monmouth Circuit, and a verdict was rendered for the plaintiff for $2,000.

The action was brought to recover the face value of a fire insurance policy, originally covering household furniture, in a dwelling situated in Asbury Park, and later by a removal rider, "transferred to cover in the frame dwelling situated at 663 and 664 Brookside avenue, West Deal."

The plaintiff's evidence was that he sent his wife to effect the change in the coverage, and that he was without the benefit of street numbers as to the new location; that his wife submitted the title deed of the premises to defendant's agent, and that the agent copied the lot numbers 663 and 664 Brookside avenue on the removal rider; that the policy was then returned to plaintiff with transfer endorsed thereon, together with a check of eighty cents for returned premium.

The defendant's first point is that there was error in the refusal of the motions for a nonsuit, and for a direction, on the ground of a breach of warranty in the description, and the use of the premises containing the goods; the contention being that the coverage was actually in a frame dwelling, whereas the property destroyed was contained in a combined dwelling and dance hall.

The jury were justified in finding under the evidence that on the lots 663 and 664 Brookside avenue there was situated a dwelling and a dance hall, the latter having been built at a later date than the former; that the structures were separate, with independent roofs, and an eighteen to twenty-four-inch alley between them, and that the furniture insured was all contained in the dwelling.

Under this point the defendant also argues that there was a misdescription of location, in that the rider described the furniture as contained in a dwelling-house located on two lots, 663 and 664 Brookside avenue, whereas, in fact, the dwelling was on lot 663 only. The legal rule is settled that "if the property is otherwise sufficiently indentified, or casting out what is false in the description, there is still enough left to clearly point out the place where the property is, a misdescription as to location will not avoid the policy." 26 *Corp. Jur.* 164, § 203, and cases cited.

The legal correctness of part of the charge is made the basis of the next point. The defendant sets up as separate defense—(1) breach of warranty; (2) material misrepresentation; (3) fraudulent representation; all being directed to the description, use and location of the property.

What was charged by the court in relation to alleged fraudulent representations is criticised as not being correct in connection with the defense of breach of warranty. · The defendant submitted various requests fully covering these three defenses, all of which are fully charged by the court. The contention, therefore, is manifestly without merit.

It is finally urged that the verdict is against the weight of the evidence, on the question whether the structure containing the insured goods was a dwelling or a combined dwelling and dance hall. This contention, obviously, is disposed of by what has been stated with reference to the previous contentions supplemented by the fact that the defendant offered no witnesses in support of the contention.

The rule will be discharged.